■ In the Matter of KEVIN N. KING, Respondent, v MARGARET M. KING, Appellant. [639 NYS2d 465]

We find no basis to disturb the Family Court's award of custody of the child to the father. In determining custody, the paramount issue to be considered by the court is the best interests of the child *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89; *Kuncman v Kuncman,* 188 AD2d 517, 518). Furthermore, the determination of custody depends to a great extent on the court's assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parties *(see, Eschbach v Eschbach,* 56 NY2d 167; *Kuncman v Kuncman, supra).* Since the hearing court is in the most advantageous position to evaluate the witnesses' testimony, its findings should generally be accorded great respect on appeal *(see, Eschbach v Eschbach, supra).*

The Family Court weighed the appropriate factors and

properly awarded custody to the father in this case. The record supports the Family Court's findings that the mother, in a significant number of instances, interfered with the father's visitation rights, which upset the child. The father, on the other hand, did not interfere with the transfers of the child between the parents.

The Family Court properly determined that the mother's anger and hostility toward the father interfered with her own expressed wish to place the best interests of her son before her own need to express her hostility. Thus, she was unable to foster an ongoing relationship between the child and the father as the noncustodial parent (see, Janecka v Franklin, 150 AD2d 755, 757; Setty v Koeneke, 148 AD2d 520, 521-522). Although the mother presented convincing evidence of a loving relationship between herself and her son, the extensive testimony of the witnesses, as well as the findings and recommendations of the Law Guardian, support the Family Court's determination that the father is better able than the mother to place the child's needs before his own needs and to foster an ongoing relationship between the child and the noncustodial parent (see, e.g., Lohmiller v Lohmiller, 140 AD2d 497, 498).

We have reviewed the mother's remaining contentions and find them to be without merit. Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.