■ In the Matter of FANNIE MOORE, Respondent, v JUDITH McCLENOS, Appellant. [687 NYS2d 402] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Cooney, J.), entered May 14, 1996, which awarded permanent custody of her son to his paternal grandmother.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contentions, the record supports the conclusion that "extraordinary circumstances" existed (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 544; *see also, Matter of Benzon v Sosa,* 244 AD2d 659; *Matter of Carosi v Bloom,* 225 AD2d 692), and further, that it was in the best interests of the child for him to continue residing with his paternal grandmother, where he had lived for virtually his entire life prior to the custody hearing.

The analysis of the various factors to be taken into account in deciding a custody question is best made by the hearing court, since it is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (*see, Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946; *Eschbach v Eschbach,* 56 NY2d 167; *Matter of Antionette M. v Paul Seth G.,* 202 AD2d 429; *Matter of Coyne v Coyne,* 150 AD2d 573). Accordingly, the hearing court's findings are entitled to great weight and should be set aside only if, unlike here, they lack a sound and substantial basis in the record (*see, Eschbach v Esch-*

*bach, supra; Matter of Antionette M. v Paul Seth G., supra; Matter of Carosi v Bloom, supra*).

Since the mother failed to demonstrate that good cause existed to relieve her assigned counsel, the court did not err in declining to appoint new assigned counsel for her (*see, Matter of Child Welfare Admin. [John R.] v Jennifer A.,* 218 AD2d 694; *see also, Matter of Mooney,* 243 AD2d 840; Family Ct Act § 262 [a] [v]).

The mother's remaining contentions are lacking in merit. S. Miller, J. P., Ritter, Thompson and Joy, JJ., concur.