■ RANDI MANDELBERG, Appellant, v IRA D. MANDELBERG, Respondent. [688 NYS2d 622] —In a matrimonial action in which the parties were divorced by a judgment of divorce dated February 27, 1995, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Lifson, J.), dated June 23, 1998, which, *inter alia,* granted the defendant's application for a change of custody and awarded her only limited visitation, denied her application for an award of child support arrears, and denied her application for an award of the Social Security benefits received by the defendant while the child was under her custodial supervision.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In determining whether a custody agreement should be modified, the paramount issue before the court is whether the totality of the circumstances warrants modification in the best interests of the child (*see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Teuschler v Teuschler,* 242 AD2d 289; *Matter of King v King,* 225 AD2d 697). The determination of a custody award to either parent depends to a great extent on the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (*see, Eschbach v Eschbach,* 56 NY2d 167; *Matter of King v King, supra*). The court's determination should not be disturbed unless it lacks a sound basis in the record (*see, Eschbach v Eschbach, supra; Matter of Lopez v Lopez,* 233 AD2d 398, 399).

The record supports the Supreme Court's conclusion that the level of conflict between the parties is such that a change in custody would serve the best interests of the child (*see, Dintruff v McGreevy,* 34 NY2d 887). The mother, in a significant number of instances, has interfered with the father's visitation rights, thereby demonstrating her failure to place the best interests of the child before her own interests (*see, e.g., Matter of King v King, supra; Maloney v Maloney,* 208 AD2d 603).

We discern no improvident exercise of discretion in the visitation schedule fixed for the mother by the Supreme Court (*see, Matter of Sandra C. v Christian D.,* 244 AD2d 551).

The remaining contentions raised by the mother are either without merit or not properly before this Court. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.