■ RALPH BARBATO, Appellant, v LORI A. BARBATO, Respondent. [695 NYS2d 580] —In a matrimonial action in which the parties were divorced by judgment dated July 1, 1997, the plaintiff father appeals from (1) an order of the Supreme Court, Richmond County (Harkavy, J.), dated September 4, 1998, which, after a hearing, granted permanent custody of the subject child to the defendant mother, and (2) a decision of the same court, dated September 10, 1998.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child (*see,* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-95; *Matter of DiMedio v DiMedio,* 233 AD2d 394). Interference with the relationship between the child and the noncustodial parent is an act so inconsistent with the best interests of the child as to raise a per se probability that the offending party is unfit to act as a custodial parent (*see, Matter of Gago v Acevedo,* 214 AD2d 565, 566; *Matter of Wolfer v Wolfer,* 183 AD2d 903, 904).

The analysis of the various factors to be taken into account in deciding a custody question is best made by the trial court,

which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (*see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Matter of Moore v McClenos,* 259 AD2d 752; *Hanway v Hanway,* 208 AD2d 499, 500). The trial court's determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see, Eschbach v Eschbach, supra; Matter of Moore v McClenos, supra; Matter of DiMedio v DiMedio, supra*).

Our review of the record supports the trial court's conclusion that both the mother and father are responsible and loving parents, but that the mother would "offer [the child] the best opportunity to separate, individuate and to grow into his own person, without interfering in his maintaining a positive relationship with his father" (*see, e.g., Mandelberg v Mandelberg,* 260 AD2d 553; *Matter of DiMedio v DiMedio, supra; Matter of King v King,* 225 AD2d 697, 698).

Under the circumstances of this case, the trial court did not improvidently exercise its discretion in declining to interview the eight-year-old child (*see, Matter of McGrath v Collins,* 202 AD2d 719, 720-721; *Smith v Finger,* 187 AD2d 711; *Michael N. G. v Elsa R.,* 185 AD2d 174; *Mascoli v Mascoli,* 132 AD2d 653, 654).

The father's remaining contentions are without merit. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.