■ In the Matter of Annalise S. Mutterperl, Respondent, v Felix Reyes, Jr., Appellant. [740 NYS2d 415] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Nassau County (Lawrence, J.), dated March 24, 2000, which, inter alia, granted the mother's petition and awarded her custody of the subject child, and directed that he shall have only one day of visitation per week with the subject child, to be supervised by his wife, during which the subject child's half-sister shall be present.

Ordered that the order is modified by deleting the provision thereof directing that the subject child's half-sister be present during the father's supervised visitation with the subject child; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Barbato v Barbato,* 264 AD2d 792). The analy-

sis of the various factors to be taken into account in deciding a custody question is best made by the hearing court, which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946; *Barbato v Barbato, supra*). The hearing court's determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach, supra; Barbato v Barbato, supra*).

The award of custody to the mother has a sound and substantial basis in the record. However, there is no basis to require that the subject child's half-sister be present during the supervised visitation. Accordingly, that condition has been eliminated.

The father's remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.