■ In the Matter of RONALD VALURE, Respondent, v LAURA A. VALURE, Appellant. [739 NYS2d 843] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Orange County (Klein, J.), dated September 6, 2000, as, after a hearing, transferred custody of the parties' youngest son to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Sandra C. v Christian D.,* 244 AD2d 551; cf. *Barbato v Barbato,* 264 AD2d 792). The analysis of the various factors to be taken into account in deciding a custody question is best made by the hearing court, which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946; *Barbato v Barbato, supra*). Its determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach, supra; Barbato v Barbato, supra*).

The record supports the Family Court's conclusion that a change in custody would serve the best interests of the child (*cf. Mandelberg v Mandelberg,* 260 AD2d 553). Krausman, J.P., Goldstein, McGinity and Adams, JJ., concur.