■ In the Matter of JUSTINA TIMOSA, Appellant, v WILLIAM CHASE, Respondent. [803 NYS2d 575]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Heffernan, J.), dated September 8, 2004, which, after a hearing, inter alia, awarded custody of the parties' child to the father.

Ordered that the order is affirmed, without costs or disbursements.

Custody determinations are to be made upon consideration of the totality of the circumstances to reach the disposition that

promotes the best interests of the child (*see* Domestic Relations Law § 70 [a]; § 240 [1] [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). This requires an evaluation of the testimony, character, and sincerity of the parties, which generally "can best be made by the trial court which has direct access to the parties and can supplement that information with whatever professionally prepared reports are necessary" (*Eschbach v Eschbach, supra* at 173). The findings of the hearing court are therefore to be afforded the greatest respect and are only to be disturbed if they lack a sound and substantial basis in the record (*see Eschbach v Eschbach, supra; Matter of Mutterperl v Reyes,* 293 AD2d 542, 543 [2002]).

The mother's contention that the Family Court erred in considering the findings of the court-ordered reports is unpreserved for appellate review (*see Matter of Diaz v Santiago,* 8 AD3d 562, 563 [2004]). In any event, the Family Court, with the consent of the parties, properly considered the reports, which recommended that custody of the child be given to her father (*see Aberbach v Aberbach,* 33 NY2d 592, 593 [1973]).

Moreover, the court assessed the credibility of the parties in favor of the father and determined that an award of sole custody to the father was in the best interests of the child. This finding was supported by a sound and substantial basis in the record and should not be disturbed (*see Eschbach v Eschbach, supra* at 174).

The mother's remaining contentions are without merit. Adams, J.P., Crane, Goldstein and Skelos, JJ., concur.