In the Matter of DONALD LICHTENFELD, Respondent, v MARIE LICHTENFELD, Appellant. [838 NYS2d 660]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Bivona, J), entered March 1, 2006, which, after a hearing, granted the father's petition to modify a prior custody order of the same court dated July 23, 2004, and awarded him sole physical and legal custody of the subject children, with visitation to her.

Ordered that the order is affirmed, without costs and disbursements.

In determining the issue of parental custody of a child, the primary concern is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Vinciguerra v Vinciguerra,* 294 AD2d 565 [2002]). A change in custody should be made only

if the totality of the circumstances warrants a modification in the best interests of the child (*see Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]; *Matter of Sullivan v Sullivan,* 190 AD2d 852 [1993]). "Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Dobbins v Vartabedian,* 304 AD2d 665, 666 [2003]; *see Matter of Sullivan v Sullivan, supra*).

Contrary to the mother's contentions, the evidence presented at the hearing amply supports the Family Court's determination that awarding sole physical and legal custody of the subject children to the father is in their best interests (*see Matter of Jarushewsky v Baez,* 7 AD3d 713, 714 [2004]; *Vinciguerra v Vinciguerra, supra* at 566). Here, the mother deliberately interfered with the relationship between the children and the father, an act so inconsistent with the best interests of the children as to per se raise a strong probability that she is unfit to act as a custodial parent (*see Barbato v Barbato,* 264 AD2d 792 [1999]; *Young v Young,* 212 AD2d 114, 115 [1995]). Moreover, the mother placed the children in serious jeopardy when, with the children inside of her car, she used it to ram the father's car several times. Such an act was clearly inconsistent with the best interests of the children and demonstrated that she was willing to put her own interests ahead of those of her children (*see Matter of Greene v Gordon,* 7 AD3d 528, 529 [2004]; *Matter of King v King,* 225 AD2d 697, 698 [1996]). In contrast, the father demonstrated that he is better able than the mother to place the children's needs before his own needs and to foster an ongoing relationship between the children and the noncustodial parent (*see Matter of Greene v Gordon, supra; Matter of King v King, supra*). While priority should usually be given to the parent who was first awarded custody by the court or to the parent who obtained custody by voluntary agreement, it is nevertheless but one factor to be weighed by the court in deciding whether a change of custody is warranted (*see Eschbach v Eschbach, supra; Matter of Carl J.B. v Dorothy T.,* 186 AD2d 736, 737 [1992]; *Matter of Krebsbach v Gallagher,* 181 AD2d 363, 365 [1992]). Accordingly, we decline to disturb the Family Court's determination. Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.