■ In the Matter of JAMES G. CONFORTI, Respondent, v NANCY L. CONFORTI, Appellant. [848 NYS2d 359]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Snellenburg II, J.H.O.), entered March 16, 2007, as, after a hearing, granted the father's petition for sole custody of the subject children and, in effect, imposed conditions on her future ability to petition for a change of custody.

Ordered that the order is modified, on the law, by deleting the sixth decretal paragraph thereof, in effect, imposing conditions on the mother's future ability to petition for a change of custody; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"[W]here parents enter into an agreement concerning custody, 'it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]' " (*Pambianchi v Goldberg*, 35 AD3d 688, 689 [2006], quoting *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]). Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed

unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167, 174 [1982]; *Matter of Honeywell v Honeywell,* 39 AD3d 857, 858 [2007]; *Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]).

The evidence presented at the hearing amply supports the Family Court's determination that awarding sole physical and legal custody of the subject children to the father is in their best interests. Since the parties' divorce, there had been a change of circumstances due to the mother's serious medical problems, which were aggravated by her excessive use of alcohol, and her inability to properly supervise and financially support the children. In contrast, the father furnished a stable home environment and could better provide for the children's emotional and financial stability (*see Eschbach v Eschbach,* 56 NY2d 167, 172 [1982]; *Vinciguerra v Vinciguerra,* 294 AD2d 565, 566 [2002]). Moreover, the mother acted inconsistently with the best interests of the children by constantly making negative remarks about the father in the children's presence and not informing him of her periods of hospitalization or the children's whereabouts during such times (*see Matter of Lichtenfeld v Lichtenfeld,* 41 AD3d 849, 850 [2007]; *Barbato v Barbato,* 264 AD2d 792, 793 [1999]).

However, it was improper for the Family Court to impose conditions the mother must fulfill in order to justify a future petition for a change of custody (*see Matter of Grassi v Grassi,* 28 AD3d 482, 483 [2006]; *Matter of Alex LL. v Albany County Dept. of Social Servs.,* 270 AD2d 523, 527 [2000]; *cf. Matter of Notley v Schmeid,* 220 AD2d 509, 511 [1995]). Crane, J.P., Rivera, Florio and Balkin, JJ., concur.