In the Matter of TRACY SIMMONS, Appellant, v JEFF SIMMONS, Respondent. [853 NYS2d 102]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Nassau County (Pessala, J.), dated October 12, 2006, which, inter alia, denied her cross objections to so much of an order of the same court (Kahlon, S.M.), dated April 19, 2006, as, after a hearing, directed the father to pay child support in the sum of only $447 per week and to provide only 67% of all uncovered and unreimbursed health-related expenses of the parties' child.

Ordered that the order dated October 12, 2006 is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the mother's cross objections to so much of the order dated April 19, 2006, as directed the father to pay child support in the sum of $447 per week and to provide 67% of all uncovered and unreimbursed health-related expenses of the parties' child and substituting therefor a provision sustaining those cross objections to the extent of directing the father to pay child support in the amount of $485 per week and to provide 84% of all uncovered and unreimbursed health-related expenses of the parties' child; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It is within the discretion of the Family Court to impute income to a parent, either on the basis of the parent's earning capacity (see Calciano v Calciano, 45 AD3d 515, 516 [2007]; Matter of Moran v Grillo, 44 AD3d 859, 861 [2007]; Spreitzer v Spreitzer, 40 AD3d 840, 841 [2007]) or on the basis of "money, goods, or services provided by relatives and friends" (Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]; Family Ct Act § 413 [1] [b] [5] [iv] [D]; see Matter of Abellard v Aime, 18 AD3d 653 [2005]; Mellen v Mellen, 260 AD2d 609, 610 [1999]; Matter of Ladd v Suffolk County Dept. of Social Servs., 199 AD2d 393, 394 [1993]). Here, however, the Family Court improvidently exercised its discretion by imputing to the mother both $29,120 in income based upon her past earning experience and $44,123 received from the maternal grandmother. In the circumstances presented here, where the mother chose to pursue her undergraduate degree, rather than obtain employment, and the maternal grandmother supported her financially so that she could do so, the Family Court should have imputed to her only the employment earnings that she had foregone. Doing so, the combined parental income would have been $176,828 and the father's share of that income would have been 84%. Applying the CSSA guidelines to the combined parental income, as the Family Court did, the father's weekly child support obligation should be $485 and the father's responsibility for the uncovered

and unreimbursed health-related expenses of the child should have been set at 84%.

Contrary to the mother's contention, the Support Magistrate did not deprive her of the opportunity to challenge the father's financial disclosure documents.

The mother's remaining contentions are either unpreserved for appellate review or based on matter dehors the record and not properly before us. Spolzino, J.P., Santucci, Angiolillo and Carni, JJ., concur.