■ MARK MUSACHIO, Respondent, v ANNMARIE MUSACHIO, Appellant. [862 NYS2d 376]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Crecca, J.), dated February 29, 2008, as, after a hearing, granted those branches of the plaintiff's motion which were for modification of the parties' stipulation of settlement dated August 15, 2006, to award temporary sole custody of the parties' four minor children to him, and to terminate his obligation to pay child support. By decision and order of this Court dated March 24, 2008, among other things, that branch of the appellant's motion which was to stay enforcement of the custody and child support provisions of the order dated February 29, 2008, pending hearing and determination of the appeal, was granted.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, those branches of the plaintiff's motion which were for modification of the applicable provisions of the parties' stipulation of settlement dated August 15, 2006, to award temporary sole custody of the children to the plaintiff and to terminate the plaintiff's obligation to pay child support are denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

In this action for a divorce and ancillary relief in which no judgment of divorce has been entered, the parties signed a stipulation of settlement dated August 15, 2006, whereby they agreed to joint custody of their four minor children, with residential custody to the defendant and therapeutic visitation for the plaintiff, and the plaintiff was obligated to make monthly child support payments. Under the terms of the stipulation, the plaintiff was afforded a liberal visitation schedule upon the successful completion of therapeutic visitation. In September 2007 the plaintiff moved, inter alia, for temporary sole custody of the parties' four minor children and termination of his obligation to pay child support. After a full evidentiary hearing, by order dated February 29, 2008, the court, inter alia, granted those branches of the plaintiff's motion, finding that the defendant had deliberately interfered with the plaintiff's relationship with the children in a manner that rendered her unfit at this time to act as custodial parent.

The court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a transfer of custody is in the best interests of the child (see *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Neuman v Neuman*, 19 AD3d 383, 384 [2005]; *Matter of Chebuske v Burnhard-Vogt*, 284 AD2d 456, 457 [2001]). Deference should be afforded the hear-

ing court, which observed witnesses and evaluated evidence firsthand (*see Eschbach v Eschbach,* 56 NY2d at 173), and the hearing court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Fallarino v Ayala,* 41 AD3d 714, 715 [2007]).

Upon the record presented, it was not in the best interests of the children to award temporary custody to the plaintiff at this time. Further, we remit the matter to the Supreme Court, Suffolk County, for a hearing on the issue of implementing the recommendations of the current court-appointed therapist for the treatment of alienation and the reparation of the relationship between the children and the plaintiff. The plaintiff is obligated to make child support payments under the terms of the stipulation of settlement dated August 15, 2006. Under the circumstances here, the Supreme Court should appoint a separate attorney for each child.

In light of our determination, the defendant's remaining contentions are either academic or without merit.

Motion by the respondent on an appeal from an order of the Supreme Court, Suffolk County, dated February 29, 2008, inter alia, (1) to strike the appellant's reply brief, (2) for an award of costs and an attorney's fee and to impose a sanction upon the appellant based on the submission of the reply brief, and (3) to refer the matter to the Grievance Committee. By decision and order on motion of this Court dated May 22, 2008, those branches of the motion were held in abeyance and referred to this panel of Justices hearing the appeal for determination upon the argument or submission thereof,

Upon the papers in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branches of the respondent's motion which were referred to this panel of Justices for determination are denied. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.