█ In the Matter of DAVID LOVITCH, Respondent, v ALLYSON LOVITCH, Appellant. (Proceeding No. 1.) In the Matter of ALLYSON LOVITCH, Appellant, v DAVID LOVITCH, Respondent. (Proceeding No. 2.) In the Matter of DAVID LOVITCH, Respondent, v ALLYSON LOVITCH, Appellant. (Proceeding No. 3.) [884 NYS2d 430]—

In related proceedings, inter alia, pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Orange County (Kiedaisch, J.), entered November 1, 2007, as, after a hearing, granted the father's petition to modify certain custody provisions of the parties' judgment of divorce dated July 15, 2004, awarding the parties joint custody of their two children, so as to award him sole custody of the children and, in effect, denied her cross petition for the same relief, and (2) so much of an order of the same court entered November 16, 2007, as denied that branch of her motion which was for a new trial on the issue of change of custody.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The mother contends that the proceedings were tainted by the appearance of impropriety due to an alleged conflict of interest of the attorney for the children. Specifically, the mother points to the fact that the father's attorney was a board member (and later elected president) of the Children's Rights Society, Inc. (hereinafter CRS), and that the court appointed an attorney from CRS to represent the children in this matter. However, the father's attorney properly disclosed in open court his position with CRS early on in the proceeding, and the mother failed to object at any time before or during the course of the six-month hearing. Indeed, the mother waited to file her motion for a new trial until after the court had issued an interim order awarding the father sole custody of the children. Under the circumstances, the mother waived any claim of alleged conflict of interest as it applied to her (*see Develop Don't Destroy Brooklyn v Empire State Dev. Corp.*, 31 AD3d 144 [2006]; *cf. B.A. v L.A.*, 196 Misc 2d 86 [2003]; *see also* Code of Professional Responsibility DR 5-110 [22 NYCRR 1200.29]). To the extent that a claim of conflict of interest on behalf of the children also was asserted, the Family Court providently exercised its discretion in denying the mother's motion for a new trial (*see* CPLR 4404 [b]; *Carney v Carney*, 236 AD2d 574, 575-576 [1997]). Absent actual prejudice or a substantial risk thereof, the appearance of impropriety alone is not sufficient to require disqualification of an attorney (*see Christensen v Christensen*, 55 AD3d 1453 [2008]; *Matter of Stephanie X.*, 6 AD3d 778 [2004]; *see also Matter of Gerald R.M.*,

12 AD3d 1192 [2004]). Here, the attorney for the children properly advocated the position of the children, and we find no discernible basis in the record to support the mother's contention that the representation was affected by the attorney's personal interests (*see Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008]; *cf. B.A. v L.A.*, 196 Misc 2d at 93).

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (*Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398, 398 [2006]; *see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Matter of Fallarino v Ayala*, 41 AD3d 714, 714-715 [2007]). "[A] court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a transfer of custody is in the best interests of the child" (*Musachio v Musachio*, 53 AD3d 600, 601 [2008]; *see Eschbach v Eschbach*, 56 NY2d at 171; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]; *Neuman v Neuman*, 19 AD3d 383, 384 [2005]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Conforti v Conforti*, 46 AD3d 877, 877-878 [2007]; *see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Fallarino v Ayala*, 41 AD3d at 715).

Contrary to the mother's contention, the Family Court considered all relevant factors and providently granted the father's petition to modify certain custody provisions of the parties' judgment of divorce, which incorporated but did not merge the terms of the parties' stipulation of settlement, so as to award sole custody to the father, with visitation for the mother. The Family Court properly determined that joint custody of the children was no longer a viable option due to the history of animosity between the parties (*see Braiman v Braiman*, 44 NY2d 584, 587 [1978]; *Matter of Francis v Cox*, 57 AD3d 776 [2008]). The mother's interference with visitation and her negative remarks about the father in the presence of the children were inconsistent with their best interests (*see Matter of Gurewich v Gurewich*, 58 AD3d 628 [2009]; *Matter of Conforti v Conforti*, 46 AD3d at 877-878; *Zafran v Zafran*, 306 AD2d 468, 470 [2003]). By contrast, the father demonstrated an ability and willingness to assure meaningful contact between the children and the mother (*see Cuccurullo v Cuccurullo*, 21 AD3d at 984; *Young v Young*, 212 AD2d 114, 122-123 [1995]). Moreover, the father demonstrated that he was better able to provide a stable

environment for the children (*see Matter of Francis v Cox*, 57 AD3d 776 [2008]). Accordingly, the Family Court's determination has a sound and substantial basis in the record. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.