In the Matter of MICHAEL TORI, Appellant, v JOAN ANN TORI, Respondent. In the Matter of JOAN ANN TORI, Respondent, v MICHAEL J. TORI, Appellant. [890 NYS2d 74]—

In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Dutchess County (Gilbert, Ct. Atty. Ref.), dated June 24, 2008, as, after a hearing, upon granting that branch of the mother's petition which was to modify the parties' judgment of divorce dated March 4, 2004, awarding the parties joint custody of their child, granted that branch of the petition which was to award sole legal and physical custody of the child to the mother and, in effect, denied his cross petition for sole legal and physical custody.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (*Matter of Strand-O'Shea v O'Shea,* 32 AD3d 398, 398 [2006]; *see Eschbach v Eschbach,* 56 NY2d 167, 172 [1982]; *Matter of Lovitch v Lovitch,* 64 AD3d 710 [2009]). "The court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a transfer of custody is in the best interests of the child" (*Musachio v Musachio,* 53 AD3d 600, 601 [2008]; *see Eschbach v Eschbach,* 56 NY2d at 171; *Neuman v Neuman,* 19 AD3d 383, 384 [2005]). Moreover, "[o]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the other parent . . . and the willingness of a parent to assure meaningful contact between the children and the other parent is a factor to be considered in making a custody determination" (*Matter of Honeywell v Honeywell,* 39 AD3d 857 [2007] [internal quotation marks omitted]; *Young v Young,* 212 AD2d 114, 122-123 [1995]; *see Cuccurullo v Cuccurullo,* 21 AD3d 983, 984 [2005]). Further, "since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record, or are contrary to the weight of the evidence" (*Matter of Neu v Neu,* 303 AD2d 509,

510 [2003]; *see Matter of Nunn v Bagley,* 63 AD3d 1068, 1069 [2009]; *Matter of Carrasquillo v Cora,* 60 AD3d 852 [2009]).

The father does not challenge the Family Court's determination modifying the parties' prior custody arrangement, incorporated into the judgment of divorce, that awarded them joint custody of their child, but contends that the mother should not have been awarded sole legal and physical custody. Contrary to the father's contention, the Family Court's determination to modify the parties' custody arrangement by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record (*see Matter of Nunn v Bagley,* 63 AD3d 1068 [2009]; *Matter of Lovitch v Lovitch,* 64 AD3d at 710). The evidence presented at the hearing established, inter alia, that the mother was more willing than the father to assure meaningful contact between the child and the other parent (*see Matter of Lovitch v Lovitch,* 64 AD3d at 710; *Matter of Honeywell v Honeywell,* 39 AD3d 857 [2007]; *Young v Young,* 212 AD2d at 122-123). Under the circumstances of this case, that fact was particularly significant.

The father's remaining contentions are without merit. Mastro, J.P., Belen, Hall and Austin, JJ., concur.