■ In the Matter of ELIZABETH PAPPAS, Respondent, v PATRICIA KELLS, Appellant. [909 NYS2d 157]—

In a child custody proceeding pursuant to article 6 of the Family Court Act, Patricia Kells appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County

(Lechtrecker, Ct. Atty. Ref.), dated November 17, 2009, as, after a hearing, in effect, granted the petition to modify a prior order of the same court dated October 2, 2008, so as to award sole legal and residential custody of the subject children to the petitioner.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parents, the petitioner, Elizabeth Pappas, and the appellant, Patricia Kells, enjoyed joint custody of their two children pursuant to an order entered on the parties' consent on October 2, 2008. Pappas commenced this proceeding seeking sole legal and residential custody of the children, with visitation to Kells. In the order appealed from, the Family Court, in effect, granted the petition. Kells appeals, and we affirm insofar as appealed from.

Contrary to Kells's contention, the Family Court was not required to hold a separate evidentiary hearing on the issue of whether there had been a sufficient change of circumstances since the entry of the joint custody order before it proceeded to a best interests hearing (cf. *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94 [1982]; *Stysis v Stysis*, 70 AD3d 672 [2010]; *Salick v Salick*, 66 AD3d 757 [2009]; *Matter of Lopez v Infante*, 55 AD3d 837, 838 [2008]). Although courts require some evidentiary showing warranting a modification in the best interests of the children (*see Teuschler v Teuschler*, 242 AD2d 289, 290 [1997]; *Matter of Miller v Lee*, 225 AD2d 778, 779 [1996]), the Family Court providently exercised its discretion in finding that Pappas had shown that the discord between the parties had escalated to a point where they could no longer cooperate on matters concerning the children and, therefore, joint custody was no longer feasible (*see Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Braiman v Braiman*, 44 NY2d 584, 587 [1978]; *Matter of Lovitch v Lovitch*, 64 AD3d 710, 712 [2009]; *Matter of Francis v Cox*, 57 AD3d 776, 777 [2008]).

In any custody dispute, the standard ultimately to be applied remains the best interests of the children when all of the applicable factors are considered (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d at 95). Contrary to Kells's contention, the Family Court considered all relevant factors and providently determined that, although both parents are fit to raise the children, the welfare of the children would best be served by placing primary custody with Pappas. Significantly, the Family Court determined that Pappas demonstrated an ability and willingness to assure meaningful contact between the children and Kells, and to foster a healthier rela-

tionship between the children and Kells than Kells would have fostered between the children and Pappas (*see Bliss v Ach*, 56 NY2d at 998; *Matter of Tori v Tori*, 67 AD3d 1021 [2009]; *Matter of Lovitch v Lovitch*, 64 AD3d at 712; *Falabella v Murray*, 265 AD2d 450 [1999]). By contrast, Kells's interference with the children's relationship with Pappas was inconsistent with their best interests (*see Matter of Lichtenfeld v Lichtenfeld*, 41 AD3d 849, 850 [2007]; *Barbato v Barbato*, 264 AD2d 792 [1999]; *Young v Young*, 212 AD2d 114, 122 [1995]).

Kells's contention that the Family Court erred in denying her request for forensic evaluations is not properly before us, as it is based on matter dehors the record (*see Matter of Ruvolo v Herrera*, 62 AD3d 1012 [2009]; *Matter of Maurer v Maurer*, 57 AD3d 548 [2008]; *Matter of Simmons v Simmons*, 48 AD3d 691, 693 [2008]). Further, the Family Court was not required to sua sponte order the evaluations, as there is no discernable legitimate purpose for court-ordered forensic evaluations in this case (*see* Family Ct Act § 251; *Kaplansky v Kaplansky*, 212 AD2d 667, 668 [1995]), and the Family Court possessed sufficient information to render an informed decision regarding custody consistent with the subject children's best interests (*see Matter of Rhodie v Nathan*, 67 AD3d 687 [2009]; *Matter of Johnson v Williams*, 59 AD3d 445 [2009]; *Matter of McCullough v Brown*, 21 AD3d 1349 [2005]).

Kells's remaining contentions are without merit. Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.