# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1224**
**CAF 10-01236**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF MARIA ORAVEC,
PETITIONER-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DAVID A. ORAVEC,
RESPONDENT-PETITIONER-RESPONDENT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR PETITIONER-RESPONDENT-APPELLANT.

DEBORAH J. SCINTA, ATTORNEY FOR THE CHILDREN, KENMORE, FOR DYLAN O.
AND OLIVIA O.

---

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered April 12, 2010. The order, among other things, awarded sole custody of the subject children to respondent-petitioner David A. Oravec.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent mother contends on appeal that Family Court should have granted her petition alleging that respondent-petitioner father violated a prior order of custody with respect to the parties' children. The mother further contends that the court should have granted her petition seeking to modify the prior order by, inter alia, awarding her sole custody of the children and erred in granting the father's petition seeking to modify the prior order by, inter alia, awarding him sole custody of the children. We affirm.

The court properly dismissed the violation petition inasmuch as the mother failed to establish that the father willfully violated a clear mandate of the prior order or that his conduct " 'defeated, impaired, impeded, or prejudiced' " any right or remedy to which she was entitled (*Matter of Petkovsek v Snyder* [appeal No. 2], 251 AD2d 1085; *see Matter of Maurice H. v Charity C*., 49 AD3d 1248). Contrary to the mother's contention concerning the custody determination, we conclude that the court properly considered, as one factor in its determination, "the support that [the father's parents] give[] to him and the children, which contributes further stability and emotional comfort to the children's lives" (*Matter of Flynn-Stallmer v Stallmer*, 167 AD2d 575, 577, *lv dismissed* 77 NY2d 939). The mother failed to preserve for our review her further contention that the court erred in

interjecting itself into the hearing by questioning her concerning matters that had not been addressed on direct or cross-examination (*see generally People v Charleston*, 56 NY2d 886, 887-888; *Matter of Aron B.*, 46 AD3d 1431; *Chocolas Assoc. Ltd. Partnership v Handelsman*, 262 AD2d 133). The mother also failed to preserve for our review her contention that the court erred in admitting in evidence the custody evaluation report on the ground that it contained hearsay (*see Matter of Timosa v Chase*, 21 AD3d 1115).

Entered: November 10, 2011                                    Patricia L. Morgan
                                                             Clerk of the Court