*797 In related child custody and family offense proceedings, the mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (IDV Part) (Henry, J.), dated November 14, 2011, as, after a hearing, in effect, granted the father’s petition to modify a prior order of the same court dated December 2, 2009, awarding the parties joint legal custody of the subject child with primary physical custody to the mother, so as to award the father sole custody of the subject child, and, in effect, granted the father’s family offense petition.
Ordered that the order dated November 14, 2011, is affirmed insofar as appealed from, with costs.
“ ‘A modification of an existing custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the child’s best interests’ ” (Matter of Dorsa v Dorsa, 90 AD3d 1046, 1046 [2011], quoting Matter of Nava v Kinsler, 85 AD3d 1186, 1186 [2011]). “Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court’s findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of Jackson v Coleman, 94 AD3d 762, 763 [2012]; see Matter of Solovay v Solovay, 94 AD3d 898, 899 [2012]; Matter of Ross v Ross, 86 AD3d 615, 616 [2011]).
Here, the Supreme Court’s determination that there had been a change in circumstances since the issuance of the prior custody order, and that it was in the child’s best interests to modify that order so as to, inter alia, award the father sole custody of the subject child, has a sound and substantial basis in the record. The evidence presented at the hearing demonstrates that the relationship between the parties has become so antagonistic that they are unable to communicate or cooperate on matters concerning the subject child. Thus, joint custody was no longer an appropriate arrangement in this case (see Bliss v Ach, 56 NY2d 995, 998 [1982]; Braiman v Braiman, 44 NY2d 584, 589-590 [1978]; Matter of Solovay v Solovay, 94 AD3d at 899). Further, the hearing testimony supports the Supreme Court’s finding that the mother willfully interfered with the father’s right to visitation (see Matter of Ross v Ross, 68 AD3d 878, 878 [2009]; Matter of Weinberg v Weinberg, 52 AD3d 616, 617 [2008]; Matter of King v King, 225 AD2d 697, 698 [1996]). Additionally, the independent forensic evaluator opined that the mother had anger *798 management issues and that the father is more likely to foster a relationship between the subject child and the noncustodial parent (see Matter of Caravella u Toale, 78 AD3d 828, 828 [2010]; Matter of King v King, 225 AD2d at 698). Accordingly, we decline to disturb the Supreme Court’s award of sole custody of the child to the father with visitation to the mother.
Further, the mother’s contention that the Supreme Court erred in failing to take into account certain recommendations made by the forensic evaluator is without merit. In reaching its determination, the Supreme Court was “not required to accept the recommendation of the court-appointed forensic psychologist (see Bruno v Bruno, 47 AD3d 606 [2008]; Matter of Kelly v Hickman, 44 AD3d 941 [2007]; Matter of Griffin v Scott, 303 AD2d 504 [2003]), as such recommendations are merely additional factors to be considered since ‘they are not determinative and do not usurp the judgment of the trial judge’ (Matter of Kozlowski v Mangialino, 36 AD3d 916, 917 [2007])” (Bourne v Bristow, 66 AD3d 621, 622 [2009]). Here, the Supreme Court did not arbitrarily disregard the recommendations of the forensic evaluator. Rather, the court fully explained its reasons for rejecting some of his recommendations. Further, the record amply supports the court’s rationale in this regard inasmuch as the record demonstrated that the parties were unable to communicate or to cooperate with one another concerning the subject child.
Moreover, while the mother argues that the Supreme Court erred in failing to interview the subject child in order to find out his preference, the subject child was only three years old at the time the order appealed from was issued. Thus, the child was not mature enough to “ ‘weigh intelligently the factors necessary to make a wise choice as to [his] custody’ ” (Matter of Robert T.F. v Rosemary F., 148 AD2d 449, 452 [1989], quoting Feltman v Feltman, 99 AD2d 540, 541 [1984]).
While the mother correctly contends that the Supreme Court improperly admitted into evidence certain one-sided recordings submitted by the father, since there was a sound and substantial basis in the record for the Supreme Court’s determination without consideration of these recordings, the error was harmless (see Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729, 731 [2012]; Matter of Lane v Lane, 68 AD3d 995, 998 [2009]; Matter of John F., 221 AD2d 858, 861-862 [1995]).
Finally, the record supports the Supreme Court’s determination that, based on a fair preponderance of the credible evidence, the mother committed two family offenses constituting harassment in the second degree (see Penal Law § 240.26 [1]). Rivera, J.P., Hall, Cohen and Miller, JJ., concur.