▮ In the Matter of Lynda Adele Feliccia, Respondent, v Justin M. Spahn, Appellant. [968 NYS2d 893]—

In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated August 31, 2012, which, inter alia, after a hearing, granted the mother's petition to modify a prior order of the same court dated July 19, 2007, so as to award her sole legal and residential custody of the parties' children, and, in effect, denied his cross petition to modify the prior order so as to award him sole legal and residential custody of the subject children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (*Matter of Strand-O'Shea v O'Shea*,

32 AD3d 398, 398 [2006]; *see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Matter of Lovitch v Lovitch*, 64 AD3d 710, 712 [2009]; *Matter of Fallarino v Ayala*, 41 AD3d 714, 714-715 [2007]). "[A] court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a transfer of custody is in the best interests of the child" (*Musachio v Musachio*, 53 AD3d 600, 601 [2008]; *see Eschbach v Eschbach*, 56 NY2d at 171; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]; *Neuman v Neuman*, 19 AD3d 383, 384 [2005]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Conforti v Conforti*, 46 AD3d 877, 877-878 [2007]; *see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Fallarino v Ayala*, 41 AD3d at 715).

Contrary to the father's contention, the Family Court considered all relevant factors and properly granted the mother's petition to modify a prior order, dated July 19, 2007, so as to award her sole legal and residential custody, with visitation for the father. The court properly determined that joint custody of the children was no longer a viable option due to the history of animosity between the parties (*see Braiman v Braiman*, 44 NY2d 584, 587 [1978]; *Matter of Lovitch v Lovitch*, 64 AD3d at 712; *Matter of Francis v Cox*, 57 AD3d 776 [2008]), and that the mother would be the parent more likely to assure meaningful contact and foster a healthy relationship between the children and the other parent (*see Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Matter of Tori v Tori*, 67 AD3d 1021 [2009]; *Matter of Lovitch v Lovitch*, 64 AD3d at 712; *Falabella v Murray*, 265 AD2d 450 [1999]). In contrast, the father's interference with the mother's parenting was inconsistent with the children's best interests. Accordingly, the court's determination has a sound and substantial basis in the record. For the same reasons, the court properly denied the father's cross petition.

The father's remaining contention is without merit. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.