■ In the Matter of CAROLYN M., Respondent, v JASMIN C., Respondent, and SHAN T.F., SR., Appellant. (Proceeding No. 1.) In the Matter of SHAN T.F., SR., Appellant, v JASMIN C., Respondent. (Proceeding No. 2.) [973 NYS2d 337]—

In a child custody proceeding and related guardianship proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Watson, J.), dated October 1, 2012, which, after a fact-finding hearing, inter alia, denied his petition to modify the custody provisions of a prior order of custody of the same court dated February 10, 2011, entered upon the consent of the parties, among other things, awarding the mother sole physical custody of the subject children, so as to award sole physical custody of the subject children to him.

Ordered that the order is affirmed, without costs or disbursements.

The father and the mother are the parents of the three subject children. In an order dated February 10, 2011, which was entered upon the consent of the parties, the mother was awarded sole physical custody of the subject children. The order contained a provision, consistent with the parents' agreement, that upon the father's release from prison, he would be entitled to file a petition seeking modification of custody of the children without having to allege any additional change in circumstances other than the father's release from prison.

By petitions dated January 13, 2012, one as to each child, Carolyn M., a maternal figure in the father's life who acted in the role of a grandparent in the subject children's lives, sought guardianship and custody of the children. By petition dated June 21, 2012, the father sought to modify the existing custody arrangement so as to award sole physical custody of the children to him. After a fact-finding hearing at which the father, the mother, and Carolyn M. testified, the Family Court denied the guardianship petitions of Carolyn M., denied the father's petition, and directed the mother to comply with certain conditions.

"The standard to be applied in a change-of-custody determination is the best interests of the children, which must be determined by an evaluation of the totality of the circumstances" (*Matter of Ender M. Z.-P. [Olga Z.]*, 109 AD3d 834, 835 [2013]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Conforti v Conforti*, 46 AD3d 877, 877-878 [2007]; *see Matter of Feliccia v Spahn*, 108 AD3d 702, 703 [2013]; *cf. Matter of James A.-S. v Cassandra A.-S.*, 107 AD3d 703, 706 [2013]).

Here, contrary to the father's contention, the evidence presented at the hearing amply supports the Family Court's determination that the best interests of the children would be served if they remain in the sole physical custody of the mother upon the conditions stated (*see Eschbach v Eschbach*, 56 NY2d at 171).

The father's remaining contention is without merit. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.