*781 In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Katz, J.), dated January 16, 2013, as, after a hearing, denied his petition for modification of a prior order of custody dated September 5, 2007, so as to award him sole physical custody of the parties’ two children.
Ordered that the appeal from so much of the order dated January 16, 2013, as denied that branch of the father’s petition which was to modify the order of custody dated September 5, 2007, so as to award him sole physical custody of the parties’ older child is dismissed, without costs or disbursements; and it is further,
Ordered that the order dated January 16, 2013, is affirmed insofar as reviewed, without costs or disbursements.
The petitioner father and the respondent mother are the parents of two teenaged daughters, one of whom reached the age of majority during the pendency of this appeal, and is no longer subject to the jurisdiction of the Family Court (see Family Ct Act §§ 119 [c]; 651; Matter of Cruz v Cruz, 48 AD3d 804, 804-805 [2008]). Accordingly, the proceeding with respect to that child has been rendered academic (see Matter of Cruz v Cruz, 48 AD3d at 804-805), and the appeal from so much of the order dated January 16, 2013, as denied that branch of the father’s petition which was addressed to the custody of that child must be dismissed.
In an order of custody and visitation dated September 5, 2007, entered on the parties’ consent, the mother was awarded custody and the father was granted liberal visitation, and both parties were barred from relocating with the children outside New York City. The parties lived in close proximity to each other in Brooklyn after they separated, and the father regularly exercised his liberal visitation rights, which included two weekday overnight visits and alternate weekends.
In June 2008, in a related proceeding, the father filed a petition which alleged that the mother violated the existing custody order by relocating with the children outside New York City, to Brentwood, Suffolk County. In August 2008, the father filed a petition for modification of the existing custody arrangement so as to award him sole physical custody of the children. The Family Court conducted a fact-finding hearing, during which testimony was elicited from, among others, the father, the mother, and a court-appointed forensic evaluator, as well as two in camera interviews of the children. In the related proceeding, the court granted the father’s violation petition to the extent of *782 directing the mother to return with the parties’ younger child to New York City. In this proceeding, the court denied the father’s petition for modification of the existing custody order, and the father appeals from that determination.
In determining whether a change in custody is warranted, the applicable standard is the best interests of the children, as determined by evaluating the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Carolyn M. v Jasmin C., 110 AD3d 997 [2013]; Matter of Nava v Kinsler, 85 AD3d 1186 [2011]). “Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of Conforti v Conforti, 46 AD3d 877, 877-878 [2007]; see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Feliccia v Spahn, 108 AD3d 702, 703 [2013]).
The evidence presented at the hearing fully supports the Family Court’s determination that the best interests of the parties’ younger child will be served if she remains in the mother’s custody, with the father continuing to exercise his liberal visitation rights (see Eschbach v Eschbach, 56 NY2d at 171).
Mastro, J.E, Chambers, Lott and Duffy, JJ., concur.