■ In the Matter of Marvin Suitt, Respondent, v Luz E. Martos, Appellant. [23 NYS3d 913]—

Appeal from an order of the Family Court, Dutchess County (Joan S. Posner, J.), dated January 14, 2015. The order granted the father's petition for sole legal and physical custody of the subject child, and denied the mother's cross petition for custody.

Ordered that the order is affirmed, without costs or disbursements.

The subject child was born to the mother while she was married to an individual (hereinafter the husband) other than the petitioner in this proceeding. On June 20, 2012, an order of filiation on default adjudicating the petitioner to be the father of the subject child (hereinafter the father) was issued by a support magistrate after a paternity proceeding in which the mother and the husband, inter alia, refused to comply with an order for genetic marker testing. The father subsequently commenced this proceeding pursuant to Family Court Act article 6 for custody of the child. While his petition for custody was pending, the father sought to have the Family Court punish the mother for contempt, based on her failure to comply with the Family Court's previous orders of supervised visitation between the father and the subject child. On January 17, 2013, the mother was found to have willfully violated prior visitation orders, held in contempt, and committed to the Dutchess County Jail for a 45-day term, which was subsequently amended to a 30-day term. By amended order dated January 18, 2013, the Family Court awarded the father immediate temporary physical custody of the child. An amended order dated April 29, 2013, awarded the father temporary sole legal and physical custody and gave the mother supervised visitation with the subject child. Thereafter, in October 2013, the mother filed a cross petition seeking, inter alia, sole custody of the child.

By order dated January 14, 2015, the Family Court granted the father's petition for sole legal and physical custody of the subject child, and denied the mother's cross petition for custody. The mother appeals.

The mother's contention that the underlying finding of paternity was improperly made by a support magistrate (*see* Family Ct Act § 439 [b]), is without merit (*see Matter of Vega v Vega*, 120 AD3d 1427 [2014]).

The mother's contention that the Family Court improperly held her in contempt, in the order dated January 17, 2013, is also not properly before this Court, as the mother failed to appeal from that order.

The mother raises no arguments warranting reversal of the order appealed from. The Family Court's determination has a sound and substantial basis in the record (*see Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Feliccia v Spahn*, 108 AD3d 702 [2013]). Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.