Matter of Nassy v Mckenzie
2026 NY Slip Op 03966
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Carla Nassy, respondent,
v
Donald S. Mckenzie II, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-08418, (Docket No. O-21921-24)
Colleen D. Duffy, J.P.
Angela G. Iannacci
Paul Wooten
James P. McCormack, JJ.

Patrick R. Garcia, Brooklyn, NY, for appellant.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter and Eva D. Stein of counsel), attorney for the child.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Donald S. Mckenzie II appeals from an order of protection of the Family Court, Kings County (Sharon N. Clarke, J.), dated May 20, 2025. The order of protection, upon a finding that Donald S. Mckenzie II committed the family offenses of menacing in the third degree and harassment in the second degree, made after a fact-finding hearing, directed him, inter alia, to stay away from the petitioner and the parties' child, subject to future orders of parental access, until and including May 20, 2026.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In 2024, the petitioner commenced this family offense proceeding against Donald S. Mckenzie II (hereinafter the appellant). The parties, who were never married, have one child together. After a fact-finding hearing, the Family Court determined that the appellant committed the family offenses of menacing in the third degree (Penal Law § 120.15) and harassment in the second degree (Penal Law § 240.26[1]; see Family Ct Act § 812). The court issued an order of protection directing the appellant, inter alia, to stay away from the petitioner and the parties' child, subject to future orders of parental access, until and including May 20, 2026. This appeal ensued.
Although the order of protection expired by its own terms on May 20, 2026, the appeal from the order of protection has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-673; Matter of Bunin v Bunin, 187 AD3d 1180, 1181).
The allegations in a family offense proceeding must be supported by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Levay v Gurrera, 236 AD3d 1032, 1033). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Levay v Gurrera, 236 AD3d at 1033; Matter of Mitchell-George v George, 234 AD3d 969, 969).
Here, a fair preponderance of the evidence adduced at the fact-finding hearing [*2]supports a finding that, on October 3, 2024, the appellant committed the family offenses of menacing in the third degree and harassment in the second degree, warranting the issuance of an order of protection (see Family Ct Act §§ 812[1], 842[a]; Bunin v Bunin, 187 AD3d at 1182). The Family Court was presented with conflicting accounts by the parties regarding the incident on that date, and the court's determination to credit the petitioner's testimony over the appellant's testimony is supported by the record (see Matter of Mitchell-George v George, 234 AD3d at 969-970; Matter of Townes v Diggs, 216 AD3d 1104, 1105).
The appellant argues that the Family Court erred in permitting the petitioner to testify regarding incidents not alleged in the petition. Any error in permitting that testimony was harmless, however, as the Family Court expressly indicated that it was not relying upon the evidence regarding prior incidents and found that the family offenses were committed based upon the conduct alleged in the petition (see Matter of Fraser v Miller, 241 AD3d 826, 827; Matter of Flores v Mark, 107 AD3d 796, 798).
The appellant's remaining contention is without merit.

2025-08418 DECISION & ORDER ON MOTION
In the Matter of Carla Nassy, respondent, v Donald
S. Mckenzie II, appellant.
(Docket No. O-21921-24)

Appeal from an order of protection of the Family Court, Kings County, dated May 20, 2025. Motion by the respondent to dismiss the appeal on the ground that it has been rendered academic.
By decision and order on motion of this Court dated May 1, 2026, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal on the ground that the appeal has been rendered academic is denied.
DUFFY, J.P., IANNACCI, WOOTEN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court