■ ERNEST VERNI et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 46754.) — Judgment unanimously modified on the law and facts by reducing the award to $40,000, and as so modified, affirmed, without costs. Memorandum: Claimants' expert failed to make any adjustment with respect to the properties which he presented as comparables; he admitted that he was not acquainted with expert appraisal methods and that he based his judgment upon "the knowledge I have of the whole area". His failure to state the factors which entered into his judgment affords no basis for review of his testimony. Such so-called expert testimony has consistently been held insufficient (*Latham Holding Co.* v. *State of New York,* 16 N Y 2d 41, 45; *Svoboda* v. *State of New York,* 28 A D 2d 1056; *Fleetwood Maple Corp.* v. *State of New York,* 28 A D 2d 1026; *Fredenburgh* v. *State of New York,* 26 A D 2d 966; *Yennock* v. *State of New York,* 23 A D 2d 809). The State's expert gave competent testimony of the value of the two parcels involved, to wit, $24,000 for parcel No. 11 and $16,000 for parcel No. 13, and we accept such evidence. We also note that in his opinion the court below referred to testimony of the State's expert witness concerning adjacent property upon a trial several weeks after the trial of this case, and he wrote "the great disparity which this expert placed upon these two adjoining properties is not satisfactorily explained." Of course, the State could not explain upon the trial of this case something which occurred afterward; and the remark was unfortunate. Moreover, it is improper for a court to consider evidence not in the record, unless it is something of which it can take judicial notice (*Matter of City of N. Y.* [*A. & W. Realty Corp.*], 1 N Y 2d 428, 432-3; *Yennock* v. *State of New York,* 23 A D 2d 809; *supra*; and see *Celeste* v. *State of New York,* 15 A D 2d 593; 594; *Town of Vienna* v. *State of New York,* 203 Misc 1053, 1057). (Appeal from judgment of Court of Claims in action for damages for permanent appropriation.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.