In the Matter of DONALD McCROCKLIN, Respondent, v LEONORA McCROCKLIN, Appellant.—In a proceeding pursuant to article 6 of the Family Court Act, the mother appeals from an order of the Family Court, Rockland County, dated May 1, 1979, which granted petitioner's application to award him permanent custody of the couple's minor daughter, Colleen McCrocklin. Order affirmed, without costs or disbursements. After a union of 20 years, Donald and Leonora McCrocklin separated in 1977. By the terms of a written separation agreement, Mr. McCrocklin assumed custody of the couple's three daughters; Mrs. McCrocklin obtained liberal rights of visitation. He continued to reside in the marital residence with the girls; she leased an apartment in the nearby vicinity. The separation was impelled by Mrs. McCrocklin's physical impairment (a herniated disc) which additionally made manifest a deteriorating mental status, marked by bouts of depression, anxiety, insominia and inertia. In the 1970's, Mrs. McCrocklin had begun spending two to three weeks yearly in the hospital for her back condition, and her attitude at home wavered between belligerence and disinterest. On one occasion she submitted to voluntary confinement for depression; on two occasions she attempted suicide. During this period, Mr. McCrocklin, with the assistance of his eldest daughter, Tammi, took care of the household. Approximately eight months after the couple had separated, Colleen, 15 years of age and the youngest of the McCrocklin daughters, became dissatisfied with the custodial arrangement. Angered by a punishment invoked by her father, she left his home and went to live with her mother. To her father's despair, Colleen thereafter virtually severed communications with him and with her siblings. Unfortunately, Colleen did not prosper in her mother's home. She began to "mirror" her mother's ailing and depressed state; Colleen's feelings of inadequacy and incompetency exacerbated and she started to manifest knee pain, foreclosing her opportunities to become involved in school-sponsored athletic activity. The father, for his part, petitioned for permanent custody of Colleen. The Family Court directed a full hearing of the matter and requested a probation report and a comprehensive psychiatric evaluation. Both the probation officer and the psychiatrist recommended that permanent custody be awarded to the father with liberal visitation to Mrs. McCrocklin and that Colleen continue in psychotherapy so as to ease her transition back into her father's home. A psychiatrist whose services were engaged by the mother and who conducted 10 therapeutic sessions with Colleen and the mother individually, suggested that custody be awarded to Mrs. McCrocklin. He based his recommendation on Colleen's strongly stated preference to remain with her mother and on his further belief that such a custodial arrangement would not prove detrimental to the mother. However, the doctor qualified his recommendation with the caveat that the arrangement would only be "Nurturing" if both Colleen and Mrs. McCrocklin continued to receive therapy. The court awarded permanent custody of Colleen to the father who was perceived as the parent most able to serve Colleen's best interests. The mother was granted liberal visitation rights and Colleen was directed to continue receiving psychotherapy. We agree with the Family Court that Colleen's best interests will be served by the award of permanent custody to her father. We also agree that a continued residential alliance with the mother would likely prove detrimental to Colleen's physical, emotional and aca-

demic development. While we observe that the wishes of a child of Colleen's age and presumed maturity must be considered, they are not necessarily dispositive of the custody issue. The court must be convinced that the child is not acting impulsively, capriciously, or pursuant to pressure exerted by one parent *(Bistany v Bistany,* 66 AD2d 1026; *Bergson v Bergson,* 68 AD2d 931). We believe that the Family Court gave due consideration to Colleen's apparent reasons for desiring a custodial arrangement with her mother. More precisely, it appeared to the court that Colleen's custodial preference was premised, in part, on the laxity of discipline obtained at her mother's house, a situation at once appealing to a 15 year old but arguably not salutary in the long run, especially when combined with negative reinforcement of depressive behavior. Therefore, despite Colleen's adamance with respect to custodial preference, and her age, the determination to award permanent custody to her father was warranted. Damiani, J. P., Lazer, Gibbons and O'Connor, JJ., concur.