■ In the Matter of LORRAINE KNOLL, Respondent, v JOHN F. KILCHER, Appellant. (Proceeding No. 1.) In the Matter of JOHN KILCHER, Appellant, v LORRAINE KNOLL, Respondent. (Proceeding No. 2.) — Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered October 14, 1983, which, in proceeding No. 1, directed John Kilcher to resume and continue his weekly arrearage payments, and, in proceeding No. 2, dismissed John Kilcher's petition for support. ¶ The parties, who had two children, were divorced in 1970. At that time, the mother was awarded custody of both children and the father was directed to pay the sum of $55 per week for their support. In 1979, the father was awarded custody of the parties' son, while the mother retained custody of their daughter. Also, in 1979, the parties entered into a stipulation whereby each parent agreed to pay for the support of the child in his or her custody. At this time, the mother sought payment of arrearages. This matter was resolved when the parties agreed that: "all of the past arrearages to date have been settled at the sum of $7,000.00. That sum is to be paid at the weekly rate of $27.50, through the Albany County Family Court (Collection Unit), until the sum is fully paid." ¶ In February, 1983, the parties' daughter, Stephanie, left the mother's home and took up residence with her father. The father then ceased making payments on the arrearages and filed a petition for custody of Stephanie. Thereafter, by petition dated April 19, 1983 (proceeding No. 1), the mother sought the return of her daughter and an order directing the resumption of the payments of arrears. By petition dated May 25, 1983 (proceeding No. 2), the father, alleging a change in circumstances, sought support for both children. ¶ After conducting a hearing, Family Court awarded custody of Stephanie to the father. This order, dated October 4, 1983, also provided the mother with "reasonable rights of visitation". Subsequently, on October 14, 1983, Family Court issued the order from which the father appeals. In that order, Family Court directed the father to resume and continue his weekly arrearage payments and dismissed the father's petition for support. ¶ Turning first to the portion of the order which directed the father to resume payment of arrears, we note that the father stipulated and agreed in 1979 to pay $27.50 per week until he paid the total of $7,000. The father, in his brief and upon oral argument, conceded that there remains a "balance of arrears remaining due" under this 1979 order. Since Family Court's order in proceeding No. 1 merely directed the father to comply with the 1979 order with respect to the payment of arrears, it must be affirmed. ¶ We find more troublesome Family Court's dismissal of the father's petition for child support. First, in its decision, Family Court did not address the request with respect to the parties' son Stephen on the merits; rather, Family Court apparently gave *res judicata* effect to the 1979 order. An order of support,

however, is not entitled to *res judicata* effect and may, upon a proper showing, be modified (Family Ct Act, § 451; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 451, pp 336-339). The petition with respect to Stephen should, therefore, have been considered upon its merits. ¶ Family Court dismissed the father's request for support with respect to Stephanie upon its finding that Stephanie voluntarily left her mother's home and that the father failed to encourage her to return to her mother's home. In our opinion, support should not have been denied in this case for the above reason. ¶ Children generally have a right to support from their parents until they reach 21 years of age (Family Ct Act, § 413). This right, however, may be suspended if, *inter alia,* a child becomes *emancipated* (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 413, pp 70-74). Children may be deemed emancipated if, without cause, they withdraw from parental control (*id.*). In *Cohen v Schnepf* (94 AD2d 783), the Second Department concluded that a father would be relieved of his support obligation where his son, living with his mother, was of employable age, had rejected visitation with his father for at least five years, and had elected to change his name from that of his father to his stepfather. The mother's attempts to analogize *Cohen* to the present situation must fail. Although Stephanie voluntarily left her mother's home, as that time she was a 15-year-old high school student and, shortly thereafter, her father applied for a change of custody, which request was approved. Moreover, in its order granting the father custody, Family Court awarded the mother visitation rights. There is no evidence in the record[*] to indicate that Stephanie has rejected any request for visitation or that these rights could not be exercised. ¶ The order, therefore, insofar as it dismissed the father's request for child support, should be reversed and the matter remitted to Family Court for consideration of the petition upon its merits (see *Krok v Krok,* 75 AD2d 865). ¶ Order modified, on the law and the facts, by reversing so much thereof as dismissed John Kilcher's petition for child support, matter remitted to Family Court for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Harvey, JJ., concur.

---

[*] We note that the parties have submitted to this court affidavits which were not before Family Court. These affidavits may not be considered on appeal (see *Verni v State of New York,* 31 AD2d 727).