■ MARY T. FORREST, Respondent, v JERRY FORREST, Appellant. [623 NYS2d 214] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered September 21, 1993, which, *inter alia,* granted plaintiff a divorce based on defendant's cruel and inhuman treatment of plaintiff, and after non-jury trial, granted plaintiff sole custody of the three children of the marriage, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion in determining that the best interests of the children would be served by granting sole custody to plaintiff (see, Alan G. v Joan G., 104 AD2d 147, 152). Defendant's contention that the court did not adequately consider evidence that plaintiff administers corporal punishment to her children is without merit. It is not disputed that the children had indicated to counselors that plaintiff "hits" them on occasion. But there was no indication that the physical contact rose to a level beyond that of proportionate disciplinary measures.

Testimony from the children's parochial school psychologist and assistant principal indicated that plaintiff was a good provider for the children, who were always clean and well groomed at school and who had lived with plaintiff since defendant moved out of the marital apartment in 1987. According to the school officials, the marked improvements in the reading skills of one child were largely attributable to plaintiff's efforts to provide him with private tutoring.

It is true that the children expressed to counselors and to the court in camera their preference for living with their father instead of their mother. But testimony indicated that this opinion was based on the father's inclination to buy them more toys and to play with them during his visitations. A court should not defer to such impulsive or capricious reasoning on the part of infant children (Matter of McCrocklin v McCrocklin, 77 AD2d 624, 625). As the IAS Court noted: "The children's desire to be with [defendant] * * * is a product of his enforcing few limitations on their weekend visitation and his pampering of them".

The IAS Court conscientiously weighed the testimony of various experts in arriving at its conclusions. For example, the court discounted the opinion of defendant's psychiatric expert that defendant should be the custodial parent because the opinion was based on "incomplete information"; the psychiatrist acknowledged that he had not been aware that on one occasion, for example, defendant, in front of his children had put a knife to his throat and threatened to kill himself, resulting in his being taken away by the police.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Ellerin, Kupferman, Williams and Tom, JJ.