■ In the Matter of DANIEL C. HATHAWAY, Respondent, v MAUREEN J. KILROY, Appellant. [641 NYS2d 463] —Mikoll, J. P. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered October 11, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his child.

In this proceeding, petitioner sought support for the younger of the two children of the marriage with respondent. The parties were divorced in 1982 with legal custody of both children being granted to respondent. In 1989, the younger child, then 13, went to live with petitioner where he has continued to reside.

Following a hearing, Family Court terminated petitioner's obligation to support the child pursuant to the original divorce order and denied petitioner's request for child support. Family Court, by order entered March 11, 1994, reversed the latter conclusion and remitted the matter for a hearing at which re-

spondent attempted to raise for the first time an emancipation issue, urging that she is not responsible for her son's support because the child left her without cause and has emancipated himself.

Family Court found that both petitioner and respondent are responsible for the support of the child. It held that respondent acquiesced in the de facto change of custody. Respondent was ordered to make biweekly child support payments in the sum of $109 to petitioner. Family Court entered an order for support on October 11, 1994.

Respondent's challenge to the authority of Family Court to entertain petitioner's support petition is rejected as it is not properly before this Court. Respondent's notice of appeal was from Family Court's October 11, 1994 order. This order addressed respondent's objection to the Hearing Officer's determination that she acquiesced to the de facto change of custody and not to the question of whether Family Court had the jurisdiction to entertain the petition. The latter issue was determined in Family Court's order of March 11, 1994, which was not appealed. Were we to address the issue we would nonetheless reject respondent's contention concurring, as we do, with Family Court's conclusion that respondent cannot avoid her responsibility of support based on the legal technicality that custody was vested in her by the divorce decree when it is undisputed that petitioner has been the child's primary caretaker and de facto custodian since 1989. Family Court Act § 422 (a), which grants the right to commence a support proceeding, does not limit that right to legal guardians. We conclude that it was within the court's power to compel respondent to contribute to the child's support (see, Family Ct Act § 413 [1] [a]).

We reject as well respondent's contention that the child without cause withdrew from parental control (see, Matter of Knoll v Kilcher, 100 AD2d 686, 687), thus freeing her from further support obligations. As the party asserting emancipation, respondent has the burden of proof on this issue (see, Matter of Adamchick v Adamchick, 136 AD2d 847, 848, lv denied 72 NY2d 804). We concur with Family Court's finding that respondent failed to prove emancipation. The record supports Family Court's conclusion that she did not attempt to enforce her legal right to custody but rather acquiesced in the transfer to petitioner.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.