■ Town of Cheektowaga, Respondent, v Starlite Builders, Inc., et al., Appellants. (Appeal No. 1.) [668 NYS2d 973] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Condemnation.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.

■ Town of Cheektowaga, Respondent, v Starlite Builders, Inc., et al., Appellants. (Appeal No. 2.) [668 NYS2d 293] —Supplemental judgment unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In August 1990 petitioner, Town of Cheektowaga (Town), acquired four parcels of vacant land by eminent domain for the construction and development of a municipal golf course. Thereafter claimants, the owners of the four parcels, filed a claim pursuant to EDPL 503 for damages arising from the Town's acquisition of their property. A nonjury trial was commenced and, at the close of claimants' proof, Supreme Court granted the Town's motion for a directed verdict and entered judgment

striking claimants' appraisal and dismissing the proceeding. Recognizing its error and its constitutional mandate to award just compensation to claimants for the taking of their property, the court thereafter entered a supplemental judgment awarding claimants $489,500. The court found that the award is supported by the Town's appraisal reports.

The court erred in granting the Town's motion for a directed verdict, striking claimants' appraisal and dismissing the proceeding at the close of claimants' case. " 'A condemnation proceeding is not a private litigation. There is a constitutional mandate upon the court to give just and fair compensation for any property taken. This means "just" to the claimant and "just" to the people who are required to pay for it. The rule is abundantly clear that property must be appraised at its highest and best use and paid for accordingly' " (*Micali Cadillac-Oldsmobile v State of New York,* 104 AD2d 477, 481, quoting *Matter of County of Nassau [County Beach Club],* 43 AD2d 45, 48, *affd* 39 NY2d 958; *see, Yaphank Dev. Co. v County of Suffolk,* 203 AD2d 280).

The court further erred in basing its award of damages to claimants on the Town's appraisal reports. Those reports had not been admitted into evidence inasmuch as the court dismissed the proceeding before the Town presented its case (*see, Verni v State of New York,* 31 AD2d 727). The procedure employed by the court denied claimants the opportunity to challenge the validity of the Town's appraisal reports or to cross-examine the Town's appraiser. Because there is no evidentiary support in the record for the court's award of damages, we remit the matter to Supreme Court to complete the trial and make an award of just compensation to claimants based on evidence in the record. Under the circumstance of this case, we view the court's determination to strike claimants' appraisal to be an evidentiary ruling during trial, not properly reviewable by this Court until there has been a final judgment following completion of the trial. (Appeal from Supplemental Judgment of Supreme Court, Erie County, Whelan, J.—Condemnation.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.