■ ELIZABETH CASSIDY, Appellant, v MICHAEL T. CASSIDY, Respondent. [888 NYS2d 141]—

In a matrimonial action in which the parties were divorced by judgment dated October 23, 2002, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Friedenberg, J.H.O.), dated April 22, 2008, which, after a hearing, denied her motions, inter alia, for a recalculation of the defendant's child support obligations, a determination of the defendant's child support arrears based upon the recalculation, and an award of reasonable attorney's fees and costs.

Ordered that the order is affirmed, with costs.

The parties' judgment of divorce awarded them joint custody of their two children. The plaintiff was awarded residential custody of the older child, and the defendant was awarded residential custody of the younger child. The judgment required the defendant to pay the plaintiff weekly child support in the sum of $114.41, calculated by subtracting the plaintiff's child support obligations from the defendant's child support obligations. The plaintiff moved for residential custody of the younger child after the younger child opted to remain in Florida with her following a school break visit. The defendant opposed the motion.

The plaintiff subsequently moved, inter alia, for a recalculation of the defendant's child support obligations, a determination of the defendant's child support arrears allegedly due her with respect to the younger child from the time of the child's relocation to Florida in February 2004 through August 2006, when she returned to New York, and an award of reasonable attorney's fees and costs.

The plaintiff's contention that she became the de facto custodial parent of the youngest daughter entitled to child support payments from the defendant is without merit. There was never any order awarding residential custody to the plaintiff or any order modifying the parties' child support obligations. Moreover, the defendant never acquiesced in the child's relocation (cf. Matter of Chase v Matanda-Chase, 41 AD3d 475 [2007]; Matter of Bryant v Nazario, 306 AD2d 529 [2003]; Matter of Hathaway v Kilroy, 227 AD2d 702 [1996]). Accordingly, the Supreme Court properly declined to disturb the parties' child support obligations and correctly denied that branch of the

plaintiff's motion which was for an award of attorney's fees and costs.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Belen and Roman, JJ., concur.