■ JUDY HERSCHORN, Respondent-Appellant, v BRIAN HERSCHORN, Appellant-Respondent. [938 NYS2d 528]—

Although the children have chosen to spend much of their time with defendant since the parties' divorce, the record shows that their feelings toward plaintiff were influenced and fostered by defendant's expressed hostility toward her (*see Matter of Muller v Muller*, 221 AD2d 635 [1995]), as well as by his acquiring plaintiff's share of the former marital home, further inducing them to stay with him rather than with plaintiff (*see Forrest v Forrest*, 212 AD2d 475 [1995]). The court properly determined that a change in custodial designation was not appropriate (*see Powers v Powers*, 37 AD3d 316 [2007]). No change in custody could, in any event, be ordered as to the older child, who has reached the age of majority (*see Toppel v Toppel*, 67 AD2d 628 [1979]). The court's reduction of defendant's child support obligation by $500 to reflect the practical reality, while denying defendant's application to terminate it altogether, was appropriate (Domestic Relations Law § 236 [B] [9] [b]; *Anonymous v Anonymous*, 286 AD2d 585 [2001]).

Plaintiff demonstrated a substantial change in circumstances warranting an upward modification in maintenance. Contrary to expectations that she would be able to earn an income and re-establish her business now that the children were older, the business has drained her resources and generated a loss. The court's extension of her $2,500 monthly maintenance for an additional five-year period is appropriate under the circumstances (*see Chalif v Chalif*, 298 AD2d 348 [2002]; *Silverman v Silverman*, 304 AD2d 41, 51 [2003]).

In addition, the court properly determined that plaintiff had no obligation with respect to certain costs associated with an additional mortgage taken on the former marital residence to facilitate defendant's acquisition of plaintiff's interest. These costs were incurred by defendant, and plaintiff did not agree to be responsible for them (*see generally Christian v Christian*, 42 NY2d 63 [1977]).

We decline to alter the motion court's discretionary denial of counsel's fees (*see Kahn v Oshin-Kahn*, 43 AD3d 253, 256 [2007]). Finally, we affirm the court's grant to plaintiff of a judgment in the amount of $2,291.43, representing sums defendant improperly deducted from support to cover the increase in apartment maintenance costs caused by his unilateral increase in the mortgage. Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.