Matter of Acosta v Lorber-Acosta (2019 NY Slip Op 09260)





Matter of Acosta v Lorber-Acosta


2019 NY Slip Op 09260


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-14397
 (Docket Nos. V-10362-12/12A, V-10363-12/12A, V-23305-17)

[*1]In the Matter of Luis Alfredo Acosta, respondent,
v
Sheridan Lorber-Acosta, appellant. (Proceeding No. 1.)
In the Matter of Sheridan Lorber-Acosta, appellant,
v
Luis Alfredo Acosta, respondent. (Proceeding No. 2.)


Melissa C. R. Chernosky, Port Washington, NY, for appellant.
Stephen David Fink, Forest Hills, NY, for respondent.
Louisa Floyd, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Wanda Wardlaw Matthews, Ct. Atty. Ref.), dated October 10, 2018. The order, after a fact-finding hearing, denied the mother's petition to enforce the provision of the parties' judgment of divorce awarding her sole legal and residential custody of the parties' younger child and granted the father's petition to modify the judgment of divorce so as to award him sole legal and residential custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who divorced in 2008, are the parents of two children, one of whom is emancipated and not a subject of this appeal. The parties' younger child, a daughter born in 2003, is the subject of this appeal. Pursuant to the judgment of divorce and as relevant to this appeal, the mother was awarded sole legal and residential custody of the child, and the father was awarded parental access. In May 2012, the father filed a petition to modify the judgment so as to award the parties joint custody of the child. In 2014, the father moved by order to show cause for an immediate hearing on his petition. According to the father, the mother was evicted from her apartment, and the child was not regularly attending school. In an order dated April 22, 2014, the Family Court awarded the father temporary custody of the child, which temporary order was continued in subsequent orders.
In August 2017, the father moved for leave to amend his petition for joint custody to a petition for sole legal and residential custody of the child. In November 2017, the mother filed a [*2]petition to enforce the provision of the judgment of divorce awarding her sole legal and residential custody of the child. The Family Court, after a fact-finding hearing, in effect, granted the father's motion to amend his petition and thereupon granted his petition for sole custody, and denied the mother's petition, finding that it was in the child's best interests for the father to have sole legal and residential custody. The mother appeals.
"A party seeking to modify an existing custody and parental access order must show a change in circumstances such that modification is required to protect the best interests of the child'" (Matter of Pedicini v Hull, 176 AD3d 948, 949, quoting Matter of Davis v Pignataro, 97 AD3d 677, 677). " The best interests of the child are determined by an examination of the totality of the circumstances'" (Matter of Liriano v Hotaki, 176 AD3d 710, 711, quoting Matter of Peralta v Irrizary, 76 AD3d 561, 562). "The factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect'" (Matter of Bartholomew v Marano, 174 AD3d 893, 893-894, quoting Matter of Al-Dalali v Rivera, 171 AD3d 729, 731).
Contrary to the contentions of the mother and the attorney for the child, there is a sound and substantial basis for the Family Court's determination that it was in the child's best interests for the father to be awarded sole legal and residential custody. The court considered and discussed the panoply of relevant factors in rendering its determination. The child had missed schooling while previously in the mother's care, but after custody was temporarily transferred to the father, school attendance has not been an issue, the child has been receiving A's, and she has achieved academic honors. The child also suffered from a nutritional issue while in the mother's care, and the father, upon obtaining temporary custody, arranged for the services of a nutritionist that has yielded some health benefits to the child. While the child and her now-emancipated brother were living with the mother, the father's right of access was often not respected, resulting in a strained relationship between the father and the brother by the time of the hearing. By contrast, the father, upon being awarded temporary custody of the child, has fostered a relationship between the mother and the child and has maintained communication with the maternal family. Finally, the child had not always enjoyed stable living arrangements while with the mother, so that an award of custody to the mother now would constitute yet another move, at a time when benefits to the child from continued residential stability and parental structure are evident and demonstrable (see Matter of Conforti v Conforti, 46 AD3d 877, 878).
The contentions of the mother and the attorney for the child that the Family Court failed to give sufficient weight to the wishes of the child, who was 14 and 15 years old at the time of the continued fact-finding hearing, are without merit. While the child's wishes are an important factor in any custody determination, and more so as a child ages and matures (see Eschbach v Eschbach, 56 NY2d 167, 173; Matter of Newton v McFarlane, 174 AD3d 67, 83), the wishes of the child are outweighed in this case by other circumstances, including her schooling, nutrition, residential stability, and parental structure, and a continuation of current circumstances which allows the child to remain in the lives of both parents (see Matter of McCrocklin v McCrocklin, 77 AD2d 624, 624-625). We note, further, that since the mother is now living at a location geographically closer to the father and the child, the mother can continue seeing the child frequently and speaking with her almost every day.
The remaining contention of the attorney for the child is without merit.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court