Listokin v Listokin (2020 NY Slip Op 06516)





Listokin v Listokin


2020 NY Slip Op 06516


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-07989
 (Index No. 59781/14)

[*1]Yehuda Listokin, appellant,
v
Rena Listokin, respondent.


Yehuda Listokin, appellant pro se.
Susan Chana Lask, New York, NY, for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated August 4, 2016, the plaintiff appeals from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated May 31, 2018. The order, insofar as appealed from, after a hearing, granted that branch of the plaintiff's motion which was to suspend his basic child support obligation only to the extent of reducing the amount of his basic child support obligation to $5,586 per month, and denied those branches of his motion which were to direct the defendant to make basic child support payments to him and for an award of counsel fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were divorced by a judgment dated August 4, 2016, which incorporated the terms of a stipulation of settlement between them dated May 17, 2016. Pursuant to the judgment, the parties were to have joint legal custody of their two children, whose primary residence would be with the defendant, with the plaintiff to have parental access to the children in accordance with the terms of the stipulation of settlement. The plaintiff was obligated to pay substantial basic child support to the defendant for the care and expenses of the children, and the parties agreed that issues regarding child support would be subject to the standard of review applicable to judgments rather than contracts.
On November 21, 2016, the plaintiff moved to suspend his basic child support obligation and to direct the defendant to pay basic child support to him, claiming that the children had taken up residence with him. After the defendant cross-moved, inter alia, to enforce the custody provisions of the judgment of divorce, the plaintiff additionally sought an award of counsel fees pursuant to the terms of the parties' stipulation of settlement.
Following a hearing, the Supreme Court determined that because the children were residing with the plaintiff, he had met his burden of establishing an unanticipated and unreasonable change in circumstances to warrant a reduction or suspension of his basic child support obligation. The court also granted in part and denied in part that branch of the defendant's cross motion which was to enforce the terms of the stipulation of settlement. A further hearing was held, among other things, to determine the parties' respective child support obligations. In an order dated May 31, [*2]2018, the court, inter alia, granted that branch of the plaintiff's motion which was to suspend his basic child support obligation only to the extent of reducing that obligation to $5,586 per month, and denied those branches of his motion which were to direct the defendant to make basic child support payments to him and for an award of counsel fees. The plaintiff appeals, and we affirm the order insofar as appealed from.
Contrary to the plaintiff's contention, he did not establish a right to the suspension of his entire basic child support obligation based upon his assertion that he is the "de facto" custodial parent of the parties' children. Rather, the record supports the conclusion that while the children chose to reside with the plaintiff for a period of time, the plaintiff neither wanted nor petitioned the court to be the primary physical custodian of the children, the defendant never acquiesced in the children's relocation to the plaintiff's residence, and the judgment of divorce remained unchanged in designating the defendant as the custodial parent for child support purposes (see Cassidy v Cassidy, 66 AD3d 941). However, given the plaintiff's evidence that the children were spending much more time in his household than originally contemplated in the stipulation of settlement, we agree with the Supreme Court that a reduction in the plaintiff's basic child support obligation by crediting him with the additional amounts he was expending for the children at his home constituted a provident exercise of discretion and took into account the practical realities and fluid nature of the parties' situation (see Herschorn v Herschorn, 92 AD3d 500).
The plaintiff did not establish his entitlement to an award of counsel fees pursuant to the terms of the parties' stipulation of settlement, as the stipulation authorized such an award only when fees were incurred due to unsuccessful claims to enforce its terms. Here, the defendant's cross motion to enforce the stipulation was partially successful, since it was granted in part and denied in part; thus, the plaintiff was not entitled to counsel fees expended in defending against it (see generally Silbowitz v Silbowitz, 106 AD3d 806; Trinagel v Boyar, 99 AD3d 792; cf. Sweeney v Sweeney, 71 AD3d 989, 992-993).
The plaintiff's remaining contentions are without merit.
The defendant's requests for affirmative relief are not properly before us, as she did not cross-appeal from the Supreme Court's order, and "[r]elief on an appeal may not, as a general rule, be granted to a nonappealing party" (Stimmel v Stimmel, 163 AD2d 381, 383; see Hecht v City of New York, 60 NY2d 57, 61-62; Burro v Kang, 167 AD3d 694, 697).
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER: F
Aprilanne Agostino
Clerk of the Court