Vaysburd v Vaysburd (2023 NY Slip Op 03039)

Vaysburd v Vaysburd

2023 NY Slip Op 03039

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-13395
 (Index No. 56496/08)

[*1]Diana Vaysburd, respondent,
v
Boris Vaysburd, appellant. Robert Hiltzik, Jericho, NY, for appellant.

Tsiring & Feldman, P.C., Brooklyn, NY (Galina Feldman of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated June 13, 2019. The order, insofar as appealed from, directed the defendant to pay the sum of $2,096 per month in child support.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 1997, and have two children. In 2008, the plaintiff commenced this action for a divorce and ancillary relief, and, on March 10, 2010, the parties executed a custody and parental access stipulation in which they agreed to joint legal custody of the children, with residential custody to the plaintiff. At some point, the parties' son moved in with the defendant. The parties' daughter remained with the plaintiff. The defendant did not move to modify the stipulation. Pursuant to a stipulation dated September 27, 2018, the parties agreed to submit, on papers, the issue of child support for final determination by the Supreme Court. In an order dated June 13, 2019, the court, inter alia, directed the defendant to pay the sum of $2,096 per month in child support to the plaintiff. The defendant appeals.
The defendant's contention that the Supreme Court erred in failing to impute income to the plaintiff is without merit. A court may impute income to a party based on that party's "underemployment and ability to earn more" (Matter of Curley v Klausen, 110 AD3d 1156, 1159; see Hughes v Hughes, 198 AD3d 1170, 1173). The court may also impute income to a party where it is demonstrated that he or she is receiving "money, goods, or services" from relatives and/or friends (Matter of Simmons v Simmons, 48 AD3d 691, 692 [internal quotation marks omitted]; see O'Brien v O'Brien, 163 AD3d 694, 696). However, in exercising the discretion to impute income to a party, the amount to be imputed must be supported by the record (see Murphy v Murphy, 166 AD3d 987, 989). Here, the record does not support the imputation of income to the plaintiff.
Additionally, the defendant argues that the Supreme Court erred in calculating his child support obligation by applying the statutory rate of 25% for two children instead of the [*2]statutory rate of 17% for one child. He contends that since the parties' son has been living with him the court should have applied the statutory rate of 17%. The defendant's contention is without merit. Without a modification of custody, the defendant's obligation remains the same despite a de facto change of custody of the parties' son (see Listokin v Listokin, 188 AD3d 862, 863; Cassidy v Cassidy, 66 AD3d 941, 941).
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court