Brooklyn Tabernacle v Thor 180 Livingston, LLC (2025 NY Slip Op 05492)

Brooklyn Tabernacle v Thor 180 Livingston, LLC

2025 NY Slip Op 05492

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-07005
 (Index No. 518739/19)

[*1]Brooklyn Tabernacle, respondent, et al., plaintiff,
v
Thor 180 Livingston, LLC, et al., appellants, et al., defendants.

Matalon PLLC, New York, NY (Joseph Lee Matalon of counsel), for appellants.
Mandel Bhandari LLP, New York, NY (Evan Mandel, A. Leah Vickers, and Brice Jastrow of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Thor 180 Livingston, LLC, and Thor Management Co., LLC, appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated August 30, 2021. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, and sixth causes of action and so much of the third cause of action as alleged fraud insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2015, the plaintiff Brooklyn Tabernacle (hereinafter the church) entered into a sale purchase agreement (hereinafter the SPA) with the defendant Thor 180 Livingston, LLC (hereinafter Thor Livingston), wherein Thor Livingston agreed to purchase a condominium unit owned by the church for the sum of $51 million. As part of the transaction, Thor Livingston agreed to obtain all governmental approvals to create, by subdivision, a new condominium unit (hereinafter the church unit), consisting of a subterranean space and a portion of the first floor, and to reconvey the church unit to the church for no consideration within one year following the closing or, if the subdivision was not accomplished within one year, to enter into a long-term ground lease granting the church the same rights and benefits to which it would be entitled as the owner of the church unit. The sale closed in October 2015 (hereinafter the 2015 closing). Following the 2015 closing, Thor Livingston allegedly waived its rights to perform shoring and footing work in the basement, and, relying on the waiver, the church expended millions of dollars renovating the church unit. In July 2019, Thor Livingston delivered the deed to the church unit to the church (hereinafter the 2019 closing). Simultaneously, the parties executed a separate agreement defining Thor Livingston's development rights in the condominium building wherein the church unit was located (hereinafter the development agreement).
In August 2019, the church commenced this action against, among others, Thor Livingston and the defendant Thor Management Co., LLC (hereinafter together the Thor defendants), inter alia, to recover damages for breach of contract and rescission of the development agreement. The church alleged that, after the 2015 closing, Thor Livingston delayed delivering the deed to the [*2]church unit to the church in order to extract concessions and payments that Thor Livingston was not entitled to under the SPA, including, among other things, the execution of the development agreement and the payment of Thor Livingston's title insurance costs. The Thor defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first, second, and sixth causes of action and so much of the third cause of action as alleged fraud insofar as asserted against them. The Supreme Court, among other things, denied those branches of the motion. The Thor defendants appeal.
In the context of a motion to dismiss the complaint pursuant to CPLR 3211(a), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88). A motion pursuant to CPLR 3211(a)(7) will be granted if the plaintiffs do not have a cause of action (see Leon v Martinez, 84 NY2d at 88), and a motion pursuant to CPLR 3211(a)(1) will be granted if "the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]" (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [internal quotation marks omitted]).
The Thor defendants contend that the first cause of action, alleging breach of contract, the second cause of action, to recover legal fees arising from the alleged breach of contract, and the sixth cause of action, alleging unjust enrichment, and so much of the third cause of action as alleged fraud insofar as asserted against them were barred by the doctrine of merger following the 2019 closing. In a real estate transaction, the merger doctrine "provides that once the deed is delivered, its terms are all that survive and the purchaser is barred from prosecuting any claims arising out of the contract" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 874 [internal quotation marks omitted]; see Ka Foon Lo v Curis, 29 AD3d 525, 526), unless there is a "clear intent evidenced by the parties that a particular provision will survive delivery of the deed or where there is a collateral undertaking" (Guoba v Sportsman Props., Inc., 200 AD3d 658, 660 [internal quotation marks omitted]; see 98 Gates Ave. Corp. v Bryan, 225 AD3d 647, 650). Here, section 26 of the SPA, which sets forth the responsibilities of the church and of the Thor defendants following the 2015 closing, specifically states that "[t]he parties' obligations and liabilities pursuant to this Section 26 shall survive the closing of title to the [church unit]." As such, at a minimum, the issue of whether, under the merger doctrine, the parties' obligations survived the 2019 closing is ambiguous. Moreover, the merger doctrine is not applicable to claims based upon fraud (see Sherman Partners Assoc. v 272 Sherman Assoc., 160 AD2d 992).
Contrary to the contentions of the Thor defendants, the Supreme Court properly denied dismissal of so much of the third cause of action as alleged fraud insofar as asserted against them. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353-1354 [internal quotation marks omitted]). "A cause of action sounding in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (City of Long Beach v Agostisi, 221 AD3d 776, 779). Here, accepting the church's factual allegations as true, the allegations in the amended complaint were sufficient to allege a material misrepresentation of fact, as the amended complaint alleged that (1), in the SPA, Thor Livingston falsely promised that it would imminently complete the subdivision and thereafter, would immediately reconvey the church unit to the church, (2) that Thor Livingston falsely represented that it waived its rights to perform shoring and footing work in the basement and thereafter, coerced the church into entering the development agreement, and (3) that Thor Livingston demanded certain concessions including, among other things, the payment of its title insurance costs (see Vision Accomplished, Inc. v Lowe Props., LLC, 131 AD3d 1163, 1164).
The Thor defendants' contention that the Supreme Court should have directed dismissal of so much of the third cause of action as alleged duress is improperly raised for the first time in their reply brief (see 2078 Mgt., LLC v US Bank Trust, N.A., 229 AD3d 662, 665; Bank of N.Y. Mellon v Giammona, 219 AD3d 436, 439).
Contrary to the Thor defendants' contentions, the Supreme Court, pursuant to the voluntary payment doctrine, properly denied dismissal of the sixth cause of action, alleging unjust enrichment on the basis that the church was forced to pay Thor Livingston's title insurance costs in the sum of $143,021, insofar as asserted against them. "'[T]he voluntary payment doctrine . . . bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law'" (Hedley's, Inc. v Airwaves Global Logistics, LLC, 130 AD3d 872, 873, quoting Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526). While causes of action alleging unjust enrichment generally fail where the complaint alleges the existence of a contract between the parties (see Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1008-1009), here, the church alleged that the payment of Thor Livingston's title insurance costs was beyond the scope of the SPA, and the issue of whether the payment was voluntary raised a question of fact, which is beyond the scope of the motion.
Accordingly, the Supreme Court properly denied those branches of the Thor defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, and sixth causes of action and so much of the third cause of action as alleged fraud insofar as asserted against them.
We decline to address the church's request for certain affirmative relief (see Hecht v City of New York, 60 NY2d 57, 61; Listokin v Listokin, 188 AD3d 862, 864).
The Thor defendants' remaining contentions are without merit.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court